December 27, 1977

C. A. Nos. 74-89, 73-33. STATE *v.* LEO JOSEPH DESROCHES. Leo J. Desroches is presently incarcerated at the Adult Correctional Institutions awaiting the disposition by

this court of two appeals of conviction entered against him in the Superior Court. One appeal deals with a violation of the laws regulating the taking of shellfish; the other appeal concerns a manslaughter conviction. During the time these appeals have been pending in this court, Mr. Desroches has resisted any attempts we have made to effect an expeditious disposition of his appeals. He has made it clear that he really expects very little in the way of relief from us and is merely exhausting his state remedies before seeking the assistance of the federal judiciary.

While a steady stream of vituperation has flowed from Mr. Desroches' typewriter, we have sought to effectuate some plan by which we could reach and consider his appeals. On December 8, 1976, we appointed Martin Malinou as standby counsel to advise Mr. Desroches of his rights and to take all steps necessary to preserve them. Mr. Malinou has attempted to carry out our mandate, but Mr. Desroches' continued truculent attitude has made any disposition of these appeals an almost impossibility. Our files bulge with a variety of his petitions and correspondence. However, from our examination of them, we see that, in essence, they ask that Mr. Desroches be brought to the courthouse library or to the office of this court's Clerk. We have also discovered a motion in which the state has asked that the appeals be dismissed because of Mr. Desroches' failure to comply with the appellate rules. In issuing this order, we hope to extricate ourselves from the morass of papers and documents in which we find ourselves so that the pending appeals can be briefed, argued, and disposed of within a reasonable time.

Consequently, it is hereby ordered that (1) the state's motion to dismiss the appeals is denied and (2) Mr. Desroches' request that he be taken to the courthouse library or to the Clerk's office is also denied.

We are aware of the state's obligation to protect the rights of prisoners so that they may have access to the courts by

furnishing them with law libraries or alternative sources of legal knowledge. *Younger* v. *Gilmore*, 404 U.S. 15, 92 S. Ct. 250, 30 L. Ed. 2d 142 (1971). The right of access requires the state to assist the convict in the preparation of meaningful legal papers by furnishing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*. *Bounds* v. *Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Mr. Malinou is an attorney whose erudition and diligence have favorably impressed this court. He stands ready to assist Mr. Desroches in the prosecution of his appeals in whatever way that may be reasonably necessary. Mr. Malinou has in his possession 11 volumes of transcript[1] of evidence adduced when the shellfish and manslaughter cases were pending in the Superior Court. He also has in his possession copies of all records which are on file in this court. Mr. Malinou is prepared to do his best in having these appeals heard. Neither Mr. Malinou nor we can do anything more.

In the event that Mr. Desroches continues to exhibit a stubborn and belligerent attitude and finds this order unsatisfactory, we would respectfully suggest that he pursue whatever remedies are available to him at the federal court level. *Julius C. Michaelson*, Attorney General, for plaintiff. *Martin Malinou*, for defendant.

---

[1]Mr. Malinou has informed us that he has been unable to locate a twelfth volume of transcript. If, at the time these appeals are heard, it appears that the missing volume is essential to the prosecution of Mr. Desroches' appeals, we will take whatever action is necessary to protect his rights.